# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EDILSAR VINICIO BARRIOS,       )
                                    )

    Petitioner,              )
                                    )

v.                                 )     Case No. CIV-26-1076-D
                                    )

MARKWAYNE MULLIN, et al.,    )
                                    )

    Respondents.           )

## ORDER

Petitioner Edilsar Vinicio Barrios filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Guatemala who entered the United States in June 2007. He alleges he was arrested by the Department of Homeland Security (DHS) on or about May 2, 2026. Petitioner claims the government (1) violated the Immigration and Nationality Act by classifying his detention as mandatory under § 1225(b)(2)(A) and denying him a bond hearing, and (2) violated his due process rights by detaining him without any individualized bond redetermination hearing. When Petitioner filed his Petition on May 12, 2026, he was detained at the Cimarron Correctional Facility in Cushing, Oklahoma.

On May 26, 2026, Respondents advised the Court that Petitioner had been released from DHS custody and deported to Guatemala [Doc. No. 6, at 1]. Accordingly, Respondent asserts that "[t]here is no longer a live case or controversy, and this case is . . . moot." *Id.* The Court has separately confirmed that Petitioner's location in DHS custody no longer appears on the U.S. Immigration and Customs Enforcement Online Detainee Locator

1

System. The Court's Order dated May 29, 2026, allowed Petitioner one week to respond to Respondents notice [Doc. No. 7]. Petitioner did not file a response.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

Petitioner properly filed his Petition in this district because he was detained here at the time of filing. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Further, he satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "The more substantial question, however, is whether [P]etitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.* at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. CONST. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012).

Here, Petitioner is no longer in DHS custody and has been removed to his home country of Guatemala. Jurisdiction attached in this district when Petitioner filed his Petition here, but his subsequent release from DHS custody and removal from the United States may render his Petition moot. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, 2024 WL 1179908 at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14)). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury . . . if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges his detention, and not his underlying removal order. Courts have concluded that a petitioner's release from immigration custody moots a habeas challenge to the legality of their detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with petitioner).

Petitioner is no longer in DHS custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The Court is not aware

3

from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition is dismissed as moot. *See Sule v. I.N.S.*, 189 F.3d 478 (10th Cir. 1999) (concluding that an immigration detainee's "release [from immigration custody through deportation] mooted his challenge to the legality of his detention").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DISMISSED as moot**. A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 12th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

4